### W. D. HUGHES v. THE STATE.

No. 23136. Delivered May 30, 1945.
Rehearing Denied October 10, 1945.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of selling whisky in a dry area. The punishment assessed is a fine of $400.00 and confinement in the county jail for a period of 60 days.

It was charged in the complaint and information in substance that on the 25th day of November, 1944, appellant sold whisky to W. M. Perkins, in Smith County, a dry area. It was further alleged, for the purpose of enhancing his punishment, that he had theretofore, on the 10th day of June, 1944, been convicted of a like offense in cause No. 7179; that theretofore, on the 20th day of April, 1943, he had been convicted in the County Court of Smith County of a like offense in cause No. 7131. To the allegations of the former convictions, appellant filed a plea which he denominated a "plea of former jeopardy" in which he asserted that he had theretofore been tried for said offenses, convicted and paid the fine and costs in each of said cases, etc.

The evidence introduced by the State shows that on the 25th day of November, 1944, appellant sold a pint of whisky in Tyler Smith County, to W. M. Perkins, an agent of the Texas Liquor Control Board. The evidence further shows that theretofore, on the 10th day of June, 1944, he was convicted in the County Court of Smith County for a like offense in cause No. 7179, and that the judgment had become final and had been satisfied. No evidence was introduced by the State relative to appellant's prior conviction in cause No. 7131. There appears in the record a stipulation to the effect that it was agreed by and between the County Attorney representing the State and appellant that Smith Couny was a dry area.

The trial court, in submitting the case to the jury, submitted only the issue of appellant's guilt in the instant case and one prior conviction, to-wit, on June 10, 1944, in cause No. 7179, because his conviction of a like offense in April, 1943, in cause No. 7131, had theretofore been utilized in cause No. 7179 to enhance his punishment. Hence no error is reflected by the record in this respect.

Appellant did not testify or offer any affirmative defense. He elicited from the State's witnesses, on cross-examination, the fact that at the time that they went to his place of business they were dressed as oil-field workers for the purpose of making him believe that they were engaged in such work; and further, that he sold the whisky to them as cough medicine, etc. On this evidence he requestd a number of special instructions to the jury to acquit him if they (the liquor control agents) at the time of the purchase of the whisky, represented themselves as oil-field workers, or if he sold the whisky to them as cough medicine. The trial court declined to comply with these requests, to which he in due time excepted. There is no merit in these complaints. The fact that the liquor control agents failed or refused to inform him, prior to the time he sold them the whisky, what their business was or misrepresented their vocation to him, would not make the sale of the whisky lawful, nor would the fact that he sold it to them as cough medicine make it so, unless he did it on the prescription of a physician. The record fails to disclose any evidence that the same was upon a prescription of a physician.

His chief complaint is that the trial court erred in failing to instruct the jury that if appellant acted as the agent for the purchaser (a representative of the Texas Liquor Control Board) in obtaining for him the liquor in question to acquit him and in declining to give his special requested charges submitting such issue to the jury. If the evidence had raised such an issue then appellant would have been entitled to such an instruction, but it is not raised by any evidence adduced on the trial. Hence we overrule his contention.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeal and approved by the Court.

ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

In his motion for rehearing appellant raises several questions but we think it necessary to discuss only the one in which he claims a question of agency was raised by the evidence, and and that the court was in error in declining to give appellant's charge upon that issue.

Mr. Perkins was an inspector of the Texas Liquor Control Board, and testified that the purchase of whisky upon which the prosecution was based was on November 25, 1944; that he had been in appellant's place of business prior to that time on or about November 22 or 23. Referring to the statement of facts, in relating what occurred on that first visit, we note that the witness testified:

"No, it is not true that when he told me that he didn't have any I asked him to get me some; when I asked him if he had any whisky that he would sell he told me that he was out and had a case ordered and that it was supposed to be there in thirty minutes."

Mr. Russell, who also was an inspector for the Texas Liquor Control Board, testified that on the occasion of the first visit to appellant's drug store the conversation with appellant was as follows:

"Yes, I believe on the first occasion when we went out there I heard Mr. Perkins ask Mr. Hughes for some whisky, I would not say that Mr. Hughes did not have it, but Mr. Hughes said that he was supposed to have in a case, but it was not there at the time and he did not know when it would come in but that to come back in about an hour or two. * * * - - - he told us that he would have some in an hour or two and that he was looking for it any minute."

The witness Russell further testified on re-direct examination that appellant volunteered the information that he had some whisky coming in a little while.

Appellant did not testify himself and offered no testimony upon the trial. There is nothing in the evidence of the State's witnesses that raises the question of agency, and, therefore, the court properly refused the charge requested upon that issue.

The motion for rehearing is overruled.